IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BOUCHARD TRANSPORTATION  <br> CO., INC., B. NO. 255 CORP., and  <br> TUG BUSTER BOUCHARD CORP., | § <br> § <br> § | NO. _____ |
| *Plaintiffs,* | | |
| v. | | |
| DEPARTMENT OF HOMELAND SECURITY, <br> REAR ADMIRAL PAUL F. THOMAS, and <br> MR. BRUCE DAVIES, | | |
| *Defendants.* | | |

## COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF AND A WRIT OF MANDAMUS

Plaintiffs, Bouchard Transportation Co., Inc. ("Bouchard Transp. Co."), B. No. 255 Corp., and Tug Buster Bouchard Corp. as owners and/or operators of the M/V BUSTER BOUCHARD and Barge B. NO. 255 (collectively, the "Bouchard Companies"), through their undersigned counsel, hereby file this Complaint for Declaratory Judgment, per 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, Injunctive Relief, per 28 U.S.C. § 1651 and Fed. R. Civ. P. 65, and a Writ of Mandamus, per to 28 U.S.C. § 1651 and 28. U.S.C. § 1361, and as provided by the Administrative Procedure Act, 5 U.S.C. § 701, *et. seq.* (the "APA"), and in support thereof state as follows:

### PARTIES

1. Plaintiffs, Bouchard Companies, operate a U.S. flagged fleet of tugs and barges engaged in the transportation of petroleum products to and from various ports throughout the

United States.  Plaintiffs are organized and existing under the laws of the State of New York with their principal place of business in the State of New York.

2. Bouchard Transp. Co. is the operator of Barge B. No. 255 ("B-255") and M/V Buster Bouchard ("TUG BUSTER BOUCHARD").

3. B. No. 255 Corp. owns the B-255.

4. Tug Buster Bouchard Corp. owns the TUG BUSTER BOUCHARD.

5. Defendant, the DEPARTMENT OF HOMELAND SECURITY ("DHS") is a federal agency as referenced in the APA.

6. Defendant, Rear Admiral Paul F. Thomas ("Thomas") is a Coast Guard Rear Admiral, and Commander of the Eighth United States Coast Guard ("USCG") District.  The USCG is a military branch and federal agency within DHS.

7. Defendant, Bruce Davies ("Davies"), is a Coast Guard civilian employee, and is the Chief of the Investigation Division, USCG Sector Houston-Galveston and an officer and employee with the USCG, as referenced in the APA.  5 U.S.C. § 702.

## JURISDICTION, VENUE, AND BACKGROUND

8. On the morning of October 20, 2017, the B-255 and TUG BUSTER BOUCHARD were navigating through the Gulf of Mexico, near Aransas Pass, Texas.

9. At approximately 04:30 a.m., an explosion occurred on the B-255, resulting in the loss of two crewmembers, Zachariah Jackson and Dujour Vanterpool (the "Marine Casualties") and, according to the Texas General Land Office, approximately 79,086 gallons of oil was spilled (the "Incident").

10. On October 23, 2017, Defendant Thomas convened a USCG Formal Investigation, by Memorandum dated 16372, pursuant to authority found in 46 CFR Part 4,

2

appointing Defendant Davies as the Investigating Officer. *See* the "Convening Order," attached hereto as **Exhibit "1".**

11. The Convening Order defined the investigation as: "FORMAL MARINE CASUALTY INVESTIGATION CONCERNING THE EXPLOSION WITH SUBSEQUENT LOSS OF LIFE AND POLLUTION FROM THE B.NO 255 TANK BARGE (O.N. 603622) ON OCTOBER 20, 2017." (the "Investigation").

12. Hearings related to the Investigation commenced July 16, 2018 in Houston, Texas and are scheduled to continue through July 27, 2018 (the "Hearings"). The Hearings are being broadcast to the public over the internet.

13. The USCG's Investigation has exceeded the scope of its authority and jurisdiction in violation of 46 C.F.R. 4.01, 46 C.F.R. 4.07-1, *et. seq.,* 46 C.F.R. 4.19-1, *et. seq.,* and 46 U.S.C. §§ 6301 & 6303 by, but not limited to:

   a. Expanding the scope of the Investigation by conducting a general investigation into the Bouchard Companies, without limitation to the B-255 explosion, the incident giving jurisdiction for the Coast Guard to perform the Investigation in the first place.

   b. Admitting thousands of pages of exhibits, containing a broad spectrum of documents related to the entire Bouchard Companies' fleet and operation spanning decades, which were irrelevant to the Incident and therefore well beyond the scope of 46 U.S.C. § 6301, 46 C.F.R. § 4.07-1, 46 C.F.R. § 4.19-1 and the Convening Order;

c. Calling witnesses to testify regarding conditions aboard other barges in the Bouchard fleet with no reference to the casualty and eliciting testimony regarding maintenance and repair actions on these other barges.

d. Calling witnesses to testify to hearsay regarding Bouchard's "safety culture" with no reference to the B No. 255, amounting to a character attack.

e. Overruling or ignoring objections by Bouchard Companies' counsel at the Hearings with respect to leading testimony from two witnesses -- who have never served aboard the B-255 and were not on the B-255 at the time of the accident -- regarding the general "unsafe" conditions aboard the vessels in the Bouchard Companies' fleet in violation of 46 C.F.R.§§ 4.19-1 and 4.19-5. For example, Exhibit 25 to the Investigation included an investigation report for the barge B. No. 95 from an incident that occurred on 15 December 1999. It is difficult to understand how this is relevant to Bouchard's operations in 2017, considering the rise of safety management systems since that time;

f. Refusing to permit Bouchard Companies' counsel to question a former employee (and current plaintiff suing the Bouchard Companies) regarding inconsistencies between his testimony at the Hearings and prior statements to the USCG in violation of 46 C.F.R. § 4.19-5.; and

g. Denying the Bouchard Companies' request to issue a subpoena to the last cargo surveyor to survey the B-255 prior to the Incident.

h. Designating representatives of injured and deceased crewmembers, who are actively engaged in wrongful death and personal injury litigation against the Bouchard Companies, as Parties in Interest to the Investigation, pursuant to 46

U.S.C. § 6303 and 46 C.F.R. 4.03-10, granting them the right to review the entire record, examine witnesses and participate in the Hearings, contrary to 46 C.F.R. 4.07-1(b);

14. Through the "Investigation," the Coast Guard has become adversarial to the Bouchard Companies and is actively advocating *against* Bouchard at every opportunity. As a result of the USCG's actions and violations, the Bouchard Companies have suffered a legal wrong and have been adversely affected, and will continue to be adversely affected, should these Hearings and Investigation continue.

15. The USCG's actions in relation to the Investigation and Hearings have been arbitrary, capricious, and an abuse of discretion, contrary to the Bouchard Companies' constitutional rights, and in excess of the USCG's statutory jurisdiction and authority.

16. The USCG's actions, as described above, are considered "final" as defined by the APA, 46 U.S.C. § 704. They clearly constitute the consummation of the USCG's decision-making process in its Investigation into the Bouchard Companies and have resulted in substantial legal consequences for the Bouchard Companies.

17. Based on all of the above, this Court has jurisdiction per 28 U.S.C. § 1346(a)(2), 5 U.S.C. §§ 701-705, 28 U.S.C. § 1331(a), 28 U.S.C. § 1361, 28 U.S.C. § 2201 and venue is proper pursuant to 28 U.S.C. § 1391(e)(1)(B).

## COUNT I: COMPLAINT FOR DECLARATORY RELIEF

18. Bouchard Companies re-allege and re-incorporate paragraphs 1 through 17 as if fully set forth herein.

19. This is a claim for declaratory judgment pursuant to the Declaratory Judgment Act , 28 U.S.C. § 2201 and Fed R. Civ. P. 57, and as provided for by the APA, 46 U.S.C. § 703.

20. Bouchard Companies seek this Court's determination that:

   a. Defendants' actions with respect to its Investigation are, and were, arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law;

   b. Defendants' actions with respect to its Investigation are, and were, contrary to Bouchard Companies' constitutional rights and Defendants' constitutional powers or privileges;

   c. Defendants' actions with respect to its Investigation are, and were, in excess of their statutory jurisdiction, authority, and/or limitations; and

   d. Defendants' actions with respect to its Investigation are, and were, without observation of procedure as required by law.

21. This Court has the authority to grant declaratory relief under Fed. R. Civ. P. 57 and 28 U.S.C. § 2201 as an actual controversy exists between the parties as to Defendants' actions and the Bouchard Companies' rights with respect to Defendants' Investigation and Hearings.

WHEREFORE, Plaintiffs, BOUCHARD TRANSPORTATION CO., INC., B. NO. 225 CORPORATION, and TUG BUSTER BOUCHARD CORPORATION, respectfully request this Court enter an Order determining Defendants' actions exceeded the scope of their authority, *etc.*, as specifically outlined above.

## COUNT II:  COMPLAINT FOR INJUNCTIVE RELIEF

22. Plaintiffs, Bouchard Companies, re-allege and re-incorporate paragraphs 1-17 as if fully set forth herein.

23. This is a claim for a writ of injunction pursuant to 28 U.S.C. § 1651 and Fed. R. Civ. P. 65, and as provided for by the APA, 46 U.S.C. § 703.

24. Bouchard Companies seek an injunction from this Court enjoining any further actions by Defendants with respect to its Investigation, pending judicial review of Bouchard Companies' claim for declaratory judgment and writ of mandamus, per 5 U.S.C. § 705, in order to prevent irreparable injury to Bouchard Companies.

25. There is substantial likelihood of success on the merits of Bouchard Companies' claims.

26. There is a substantial threat of irreparable injury to Bouchard Companies if Defendants' Investigation and Hearings continue and are not enjoined.

27. Bouchard Companies have been irreparably injured, as this investigation is being monitored by its customers in a heavily competitive industry such that the damage to Bouchard's reputation cannot be measured in damages and Bouchard will continue to be irreparably harmed if Defendants continue their Investigation and Hearings in the same arbitrary manner; this harm outweighs any injuries or harm that may result if the injunction is granted.

28. The requested injunctive relief will not disserve the public interest.

WHEREFORE, Plaintiffs, BOUCHARD TRANSPORTATION CO., INC., B. NO. 225 CORPORATION, and TUG BUSTER BOUCHARD CORPORATION, respectfully request this Court enter a Writ of Injunction enjoining Defendants from any further Investigation into the Marine Casualties, including the immediate termination of Defendants' Hearings related to same, until this Court's judicial review of Plaintiffs' claim for declaratory relief and writ of mandamus.

## COUNT III:  WRIT OF MANDAMUS

29. Plaintiffs incorporate by reference paragraphs 1 through 17 above as though fully set forth herein.

7

30. Pursuant to 28 U.S.C. § 1361, "[t]he district court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency therefor to perform a duty owed to the plaintiff."

31. The purpose of 28 U.S.C. § 1361 is to prevent federal officials from acting outside the permissible scope of their discretion, and it seeks to prevent such abuse by giving federal courts the authority to compel federal officials to perform acts required of them or, conversely, to refrain from acts which they are not authorized to perform.

32. Defendants are willfully failing to abide by the provisions of 46 U.S.C. § 6301, 46 C.F.R. 407-1 and the Convening Order, which limit the scope of investigations of marine casualties and this Investigation. Instead, they are conducting a broad and biased Investigation into the Bouchard Companies' entire history and operation, which is causing harm to the Bouchard Companies. Moreover, they have wrongfully designated deceased and injured crew members' counsel as Parties in Interest.

33. Bouchard Companies have a clear right to relief that is sought in this Complaint;

34. There is no other adequate remedy available to Bouchard Companies.

WHEREFORE, Plaintiffs request the Court enter a Writ of Mandamus compelling Defendants to (1) reverse the designation of deceased and injured crew members' counsel as Parties in Interest and (2) limit the scope of the Investigation and Hearings to the accident and cause of the accident as prescribed in 46 U.S.C. § 6301, 46 C.F.R. § 4.07-1 and the Convening Order.

Dated: July 24, 2018

Respectfully submitted,

/s/ David James
David James

State Bar No. 24032467
SDTX No. 588556
David.James@clarkhillstrasburger.com
Clark Hill Strasburger
2615 Calder Avenue, Suite 240,
Beaumont, TX 77702
Direct Phone: (409)351 - 3802
Fax No. (409) 351- 3883
F. William Mahley
State Bar No. 12836740
SD Texas ID No. 2863
bill.mahley@clarkhillstrasburger.com
909 Fannin Street, Suite 2300
Houston, Texas  77010
Telephone:  (713) 951-5633
Facsimile:   (832) 397-3545
*Attorney-in-Charge for Plaintiffs*

OF COUNSEL:

Clark Hill Strasburger
2615 Calder Avenue, Suite 240
Beaumont, TX 77702

-and-

**HAMILTON, MILLER & BIRTHISEL, LLP**

/s/  *Jerry D. Hamilton*
Jerry D. Hamilton, Esq.
jhamilton@hamiltonmillerlaw.com
Florida Bar No. 970700
Karina M. Cerda-Collazo, Esq.
kcerda@hamiltonmillerlaw.com
Florida Bar No. 0626775
150 S.E. Second Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 379-3686
Facsimile: (305) 379-3690