UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BOUCHARD TRANSPORTATION CO., INC., *et al.*, | § § § § § | |
| Plaintiffs, | | |
| v. | § § § | CIVIL ACTION H-18-2563 |
| DEPARTMENT OF HOMELAND SECURITY, *et al.*, | § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a motion to dismiss filed by defendants U.S. Department of Homeland Security, Rear Admiral Paul Thomas, U.S. Coast Guard, and Lead Investigating Officer Bruce Davies (collectively, "Defendants"). Dkt. 7. Plaintiffs Bouchard Transportation Co., Inc., B. No. 255 Corp., and Tug Buster Bouchard Corp. (collectively, "Plaintiffs") responded. Dkt. 9. Defendants replied. Dkt. 11. Having considered the motion, response, reply, the complaint, and the applicable law, the court is of the opinion that the motion to dismiss should be GRANTED.

**I. BACKGROUND**

This case arises from an explosion on a vessel that resulted in two marine casualties. Dkt. 1 at 2. Plaintiffs owned and operated the vessel.[1] *Id.* Pursuant to its statutory authority, the Coast Guard began a marine casualty investigation. *Id.* Plaintiffs contend that the Coast Guard has exceeded the scope of its authority and jurisdiction by: (1) broadening its investigation to include

---

[1] At the motion to dismiss stage, the court takes all facts alleged in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

a general investigation into Plaintiffs' companies; (2) admitting thousands of documents about Plaintiffs' fleet and operation spanning decades; and (3) calling witnesses to testify about conditions on other vessels and about Plaintiffs' "safety culture." *Id.* at 3–4. Plaintiffs also allege that the Coast Guard has become adversarial and is actively advocating against Plaintiffs. *Id.* at 5. Plaintiffs brought this suit seeking to restrict the Coast Guard's investigation of the incident. *Id.* at 5–8. Plaintiffs seek declaratory relief, injunctive relief, and a writ of mandamus. *Id.*

## II. LEGAL STANDARD

### A. Lack of Subject Matter Jurisdiction

Under Rule 12(b)(1), a party can seek dismissal of an action for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Federal courts have original jurisdiction over all civil actions 'arising under the Constitution, laws, or treaties of the United States.'" *Willis of Texas, Inc. v. Stevenson*, Civil Action No. H-09-cv-404, 2009 WL 7809247, at *1, *4 (S.D. Tex. May 26, 2009) (Ellison, J.) (citing 28 U.S.C. § 1331). Federal question jurisdiction exists "only in those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Id*.

"In determining whether the court has subject matter jurisdiction, [it] must accept as true the allegations set forth in the complaint." *Crane v. Johnson*, 783 F.3d 244, 251 (5th Cir. 2015) (citation omitted). "[A] trial court has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.*

2

## III. ANALYSIS

Defendants move to dismiss all of Plaintiffs' claims on the ground that the district court lacks subject matter jurisdiction under the Administrative Procedure Act ("APA"). *See* Dkt. 7. The APA authorizes judicial review of final agency action when a relevant administrative agency statutory provision does not directly provide for judicial review. 5 U.S.C. § 704. Without a statutory provision or final agency action, however, a court lacks subject matter jurisdiction over an APA claim. *Am. Airlines v. Herman*, 176 F.3d 283, 287 (5th Cir. 1999). Here, the statute governing Coast Guard marine casualty investigations does not directly provide for judicial review. 46 U.S.C. § 6301. The court must therefore turn to the APA. However, the parties dispute whether there is final agency action sufficient to confer subject matter jurisdiction under the APA.

Generally, a final agency action must: 1) "mark the 'consummation' of the agency's decisionmaking process, it must not be of a merely tentative or interlocutory nature," and 2) "be one by which rights or obligations have been determined, or from which 'legal consequences will flow.'" *Bennett v. Spear*, 520 U.S. 154, 178–79, 117 S. Ct. 1154 (1997) (internal quotations and citations omitted). However, 46 C.F.R. § 1.03-15(j) states that "[a]ny decision made by" "the Assistant Commandant for Prevention Policy" is "final agency action." Dkt. 9 at 17–18.

Initially, Plaintiffs objected to the scope of the investigation to the lead investigator, who overruled the objections. Dkt. 9 at 12.[2] Plaintiffs appealed the lead investigator's decision to Rear Admiral Paul Thomas who affirmed the decision. *Id.* That decision was reviewed and affirmed by the Assistant Commandant. *Id.*; Dkt. 6-13. Thus, Plaintiffs argue that the Assistant Commandant's decision concerning the scope of the investigation constitutes final agency action under 46 C.F.R. § 1.03-15(j).

---

[2]Plaintiffs also appealed the Coast Guard's designation of parties in interest but withdrew its petition to the court for a review of those designations. Dkt. 9 at 2.

While this decision fits the plain language of a "final agency action" under the regulation, under the Fifth Circuit's interpretation of the APA, "agency action that is 'merely, procedural, or intermediate' is subject to judicial review at the termination of the proceeding in which the interlocutory ruling is made." *Am. Airlines*, 176 F.3d at 288 (citing 5 U.S.C. § 704).[3] Further, in *Veldhoen v. United States Coast Guard*, 35 F. 3d 222, 225 (5th Cir. 1994), the Fifth Circuit explicitly stated that "an agency's initiation of an investigation does not constitute final agency action." "Normally, the plaintiff must await resolution of the agency's inquiry and challenge the final agency decision." *Id.* Therefore, under *Veldhoen*, Plaintiffs must wait until the end of the agency's inquiry for there to be final agency action that would give the court subject matter jurisdiction under the APA.

Plaintiffs attempt to distinguish *Veldhoen* by arguing that the sailors in *Veldhoen* filed their petition in district court at the start of the inquiry and did not appeal to the Assistant Commandant. Dkt. 9 at 21. While here Plaintiffs seek judicial review after a nearly year-long investigation and they did appeal to the Assistant Commandant. *Id.*[4] Although not factually on point, the Fifth Circuit's reasoning in *Veldhoen* is instructive. As the *Veldhoen* court noted, "[t]he statutory scheme at issue here is merely investigatory and only empowers the Secretary to recommend further civil or criminal action. The Board's conclusions—which notably have not been made yet—will not fix

---

[3]Specifically, the APA provides in part: "A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action." 5 U.S.C. § 704.

[4]Plaintiffs also cite *Jensen v. Rollinger*, No. SA:13-CV-1095-DAE, 2014 WL 3943705 (W.D. Tex. Aug. 12, 2014), for the proposition that the Coast Guard itself has argued that final agency action occurs when the Commandant denies an appeal per 46 C.F.R. § 1.03-15(j). Dkt. 9 at 18. However, *Jensen* is distinguishable. In *Jensen*, the parties were appealing the Coast Guard's rejection of their Preferred Ship Mortgage Application. 2014 WL 3943705, at *3. It did not relate to an ongoing marine casualty investigation, like the present case. The court is persuaded by the reasoning in *Veldhoen* that did relate to an ongoing Coast Guard investigation of a marine casualty.

4

legal rights or impose obligations, even if further proceedings prompted by the Board's decision may." *Veldhoen*, 35 F.3d at 226.

Here, the Assistant Commandant's decision merely affirms the decision to continue with the investigation. The decision is not the consummation of the agency's decisionmaking process, and the investigation's conclusions will not fix any legal rights nor impose any obligations. Therefore, there is no final agency action under the APA.

Further, although courts have acknowledged some exceptions to the finality rule, none apply here. For instance, "[a] claim that an agency action is in plain contravention of a statutory mandate . . . may present one of the extraordinary exceptions to the finality requirement." *Veldhoen*, 35 F.3d at 225. This exception applies only in "very narrow situation[s]," when there is a "'plain' violation of an unambiguous and mandatory provision of the statute. *Am. Airlines*, 176 F.3d at 293. 6301. Plaintiffs argue that the Coast Guard has plainly exceeded its statutory authority because it is using its investigatory powers for casualty investigations to investigate Plaintiffs' compliance with the Safety Management System ("SMS") in other vessels. Dkt. 9 at 14.[5] According to Plaintiffs, under 46 U.S.C. § 3201, the Coast Guard's authority when examining an SMS is limited to issuing and revoking documents of compliance and Safety Management certificates. *Id.* at 15.

---

[5]Plaintiffs cite *Seafarers International Union of N. Am. Goldschmidt*, No. 78 Civ. 4698, 1980 U.S. Dist. LEXIS 9467, at *19 (S.D.N.Y. Oct. 17, 1980), for the proposition that at least one district court has enjoined the Coast Guard from publishing a final report when it included information beyond the scope of the cause of the investigation. Dkt. 9 at 23. However, *Seafarers* does not govern here. In *Seafarers*, plaintiffs were wrongfully denied the status of "parties in interest" and were excluded from participating in the hearings without any legal cause. No. 78 Civ. 4698, 1980 U.S. Dist. LEXIS at *18. Because the plaintiffs were entitled to participate in the proceedings, the Court enjoined the publication of the final report until the hearings in the investigations were reconvened and plaintiffs could call and examine any witnesses. *Id.* at *18–*19. In the present case, Plaintiffs complain that the Coast Guard is exceeding the scope of its authority by examining Plaintiffs' SMS, not because they are being excluded from participating in the hearing as a party in interest.

Defendants argue that they are acting in accordance with 46 U.S.C § 6301 and the Marine Safety Manual ("Manual") as investigators try to determine the cause of the casualty as required by the statute. Dkt. 11-1 at 9. 46 U.S.C. § 6101(f)(1) authorizes the Coast Guard to investigate a "marine casualty involving a United States citizen on a foreign passenger vessel." Additionally, it is directed to determine "as closely as possible, the cause of the casualty, including the cause of any death." 46 U.S.C. § 6301. Based on this authority, the Manual advises investigating offices that there are "many causal factors" that contribute to an accident. Dkt. 7-1 at 24. It lists organizational factors that commonly occur in system accidents such as "organizational structure," "operational culture," and "safety management." *Id.* at 17. Defendants contend that the Coast Guard's actions fall within the Manual's guidance.

Generally, an agency's interpretation of its statute and regulations receive considerable deference. *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 845, 104 S. Ct. 2778, 2781, 81 L. Ed. 2d 694 (1984). However, statute interpretations contained in agency manuals are not entitled to *Chevron* deference. *Louisiana Envtl. Action Network v. U.S. E.P.A.*, 382 F.3d 575, 583 (5th Cir. 2004) (quoting *Skidmore v. Swift & Co.,* 323 U.S. 134, 140, 65 S.Ct. 161, 89 L.Ed. 124 (1944)). Rather, they are "entitled to respect to the extent that they have the power to persuade." *Id.* Thus, while the court does not give the Manual *Chevron* deference, the court must defer to the Manual to the extent it is persuasive.

The court finds that the Manual is persuasive and is entitled to deference. It is reasonable for the Coast Guard to consider factors, such as the SMS and noncompliance with the SMS on other vessels, when determining the cause of the marine casualties. Additionally, looking at the SMS is consistent with the purpose of the investigation, which is to prevent similar future accidents. *See* 46 U.S.C. § 6301 (stating that the investigation will help determine whether there is a need for new laws

"to prevent the recurrence of the casualty"). The Coast Guard's actions are therefore not so outside their statutory authority so as to warrant an extraordinary exception to the finality doctrine.

### IV. Conclusion

Defendants' motion to dismiss (Dkt. 7) is GRANTED. All of Plaintiffs' claims are DISMISSED WITHOUT PREJUDICE.

Signed at Houston, Texas on March 27, 2019.

_____
Gray H. Miller
Senior United States District Judge